IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND MILLER,

        Plaintiff,                      No. CIV S-08-368 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.              <u>ORDER</u>

                             /

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

/////

I. Factual and Procedural Background

In a decision dated July 25, 2007, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has a severe impairment of degenerative disc disease but this impairment does not meet or medically equal a listed impairment; plaintiff can perform light work with restrictions on climbing ladders, ropes and scaffolding; plaintiff can perform his past relevant work as a contractor trainer; and plaintiff is not disabled. Administrative Transcript ("AT") 15-20. Plaintiff contends the ALJ improperly

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

weighed the record medical opinions, improperly discredited plaintiff, incorrectly assessed his residual functional capacity, and improperly relied on the testimony of a vocational expert.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

   A. Physicians' Opinions

Plaintiff contends the ALJ accorded improper weight to the record medical opinions. The weight given to medical opinions depends in part on whether they are proffered by

treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

Plaintiff's treating physician, Dr. Stark, opined in a physical residual functional capacity evaluation, dated September 16, 2006, that plaintiff could sit four hours, stand/walk three hours, would have no difficulty performing work activities while seated at a desk or bench, and could lift six to twenty pounds occasionally.[2] AT 200-203. The ALJ accorded significant,

---

[2] The court notes that Dr. Stark's assessment was made nine months after plaintiff's eligibility for disability benefits had expired. The treatment notes just prior to Dr. Stark's evaluation indicate negative straight leg raises and toe and heel walk. AT 13, 15, 224, 226.

4

rather than controlling weight to Dr. Stark's assessment on the basis that objective clinical and imaging evidence did not support the degree of limitations on standing, walking and sitting. AT 19.

Dr. Stark's progress reports and related medical records for the relevant time period[3] indicate treatment for low back pain with occasional flare ups; examinations early on also revealed some positive straight leg raising in January 2005 resolving to negative straight leg raising by February 2005. AT 235-254. Plaintiff generally was found to be in no acute distress. Id. MRIs performed in June 2002 and March 2005 revealed progression from mild degenerative changes in 2002 to suspected stenosis of the left L4-5 neural foramen in 2005. AT 128, 176. While this radiologic evidence indicates a deteriorating spinal condition, objective clinical observations made after the 2005 MRI indicate minimal neurologic involvement. AT 150, 161, 182, 183, 232. The state agency physicians also considered the 2005 MRI in conjunction with the clinical findings and concluded that plaintiff could perform light work. AT 189, 195. Surgery was discussed as one of three options by Dr. Engel,[4] but the neurosurgeon to whom plaintiff was referred for a surgical consult found plaintiff was not a surgical candidate. AT 151, 232. With respect to Dr. Clifford's report, prepared for workers' compensation, the court finds no error in the ALJ's characterization of this report and the ALJ's reliance thereon. AT 18, 177-187. In light of the entire record, the court finds no error in the weight accorded the record medical opinions.

   B. Credibility

Plaintiff also challenges the ALJ's credibility finding. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ

---

[3] Plaintiff's alleged date of onset of disability was December 15, 2004. Plaintiff was insured for disability benefits only through December 31, 2005. AT 13.

[4] The court finds no error in the ALJ's failure to mention the records of Dr. Engel because this physician's findings support the ALJ's conclusion that Dr. Stark's assessment was not supported by objective clinical evidence. AT 150.

5

used the proper process and provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

| | |
|---|---|
| 1 | The ALJ found plaintiff's statements concerning the intensity, persistence and |
| 2 | limiting effects of his symptoms to be not entirely credible. AT 18. In doing so, the ALJ |
| 3 | considered plaintiff's activities of daily living, which included yard work, walking most days, |
| 4 | driving, and assisting in household chores, laundry and shopping. AT 17-18, 158, 181, 286-289. |
| 5 | The ALJ also considered plaintiff's statement that he could lift 20 pounds, which is consistent |
| 6 | with the restrictions for performing light work. AT 18, 181, 290. Also factored into the |
| 7 | credibility analysis was the conservative nature of plaintiff's treatment. AT 18. Plaintiff was not |
| 8 | a surgical candidate, did not use a TENS unit, had not undergone epidural steroid injections and |
| 9 | only intermittently took pain medications AT 186, 228, 285, 287-288. The ALJ also considered |
| 10 | the radiological findings, which as discussed above, did not support the extreme restrictions |
| 11 | claimed by plaintiff. The factors considered by the ALJ were all valid and supported by the |
| 12 | record. The ALJ's credibility determination was based on permissible grounds and will not be |
| 13 | disturbed. |

C. Residual Functional Capacity

Plaintiff further contends there is no basis for the ALJ's assessment that plaintiff could perform light work.[5] AT 16-19. A Social Security Ruling sets forth the policy interpretation of the Commissioner for assessing residual functional capacity. See SSR 96-8p. Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). The

---

[5] 20 C.F.R. § 404.1567(b) provides:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

ALJ's assessment is consistent with the findings and assessments of the treating physicians to the extent they were properly credited as discussed above; it also is consistent with the state agency opinions, and is consistent with plaintiff's own representations that he could lift 20 pounds.[6] AT 181, 189-195, 201, 228, 290.

### D. Vocational Expert

Finally, plaintiff contends the ALJ improperly relied on the testimony of a vocational expert. As discussed above, the ALJ properly assessed plaintiff's residual functional capacity. The hypothetical posed to the vocational expert by the ALJ included all of the limitations properly assessed and supported by the record. AT 295-296. Moreover, the vocational expert specifically referenced the DOT,[7] indicating he was relying on the job descriptions and numbers thereof as listed in the DOT. AT 294-295, 299. As such, any failure of the ALJ to inquire of the vocational expert whether there was conflict between his testimony and that of the DOT is harmless. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990) (harmless error analysis applicable in judicial review of social security cases). Moreover, plaintiff fails to show any conflict between the DOT and the vocational expert's testimony. Cf. Massachi v. Astrue, 486 F.3d 1149, 1154 n.19 (9th Cir. 2007) (procedural error harmless where no conflict). On this record, the ALJ's reliance on the vocational expert's testimony was proper.

/////

/////

---

[6] In light of Dr. Stark's assessment that plaintiff could perform a job that required four hours sitting and the ALJ's reliance on the vocational expert's testimony that plaintiff could perform his past relevant work as a trainer, which required only four hours of sitting, the court finds no reversible error in the ALJ's residual functional capacity finding that plaintiff could sit eight out of eight hours. AT 16, 200-203, 298-299.

[7] The United States Dept. of Labor, Employment & Training Admin., Dictionary of Occupational Titles (4th ed. 1991) ("DOT") is routinely relied on by the SSA "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). The DOT classifies jobs by their exertional and skill requirements. The DOT is a primary source of reliable job information for the Commissioner. 20 C.F.R. § 404.1566(d)(1).

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and
2. The Commissioner's cross-motion for summary judgment is granted.

DATED: March 24, 2009.

_____
U.S. MAGISTRATE JUDGE

006
miller2.ss